[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10621

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

CLARENCE E. HILL,

Plaintiff-Appellant,

versus

JAMES V. CROSBY, JR.,
CHARLIE CRIST,

Defendants-Appellees.

-------------------------
Appeal from the United States District Court for the
Northern District of Florida
-------------------------
(January 24, 2006)

Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

BY THE COURT:

Appellant Clarence Edward Hill has been convicted of capital murder in

Florida and sentenced to death. His execution is scheduled for today, January 24,

2006, at 6:00 p.m. On January 20, 2006, he applied to this court for leave to file a

second and successive habeas petition in an effort to forestall his execution. We denied his application in an order entered earlier today. At the same time, we denied his application under 28 U.S.C. §§ 1651 and 2251 for a stay of his execution.

Also on January 20, 2006, appellant brought this suit for declaratory and injunctive relief under 42 U.S.C. § 1983, in the United States District Court for the Northern District of Florida. He contends that death by lethal injection causes pain and unnecessary suffering and thus constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments. He seeks a permanent injunction barring his execution. On January 21, 2006, the district court issued an order dismissing appellant's complaint on the ground that the complaint "is the 'functional equivalent' of a successive habeas petition," and that the court lacked jurisdiction to entertain it in the absence of an order from the court of appeals granting appellant leave to file a successive petition.

The district court relied on as authority for its ruling our decision in Robinson v. Crosby, 358 F.3d 1281 (11th Cir. 2004), which, as the district court properly observed, dealt with "the very issue" appellant's complaint presents here. Appellant now appeals the district court's order, and he asks that we stay his execution pending our disposition of his appeal.

2

It is clear to us that the district court lacked jurisdiction to consider appellant's claim because it is the functional equivalent of a successive habeas petition and he failed to obtain leave of this court to file it. See 28 U.S.C. § 2244(b)(3)(A). And as the panel observed in Robinson, "such an application to file a successive petition would be due to be denied in any event. *See In re Provanzano*, 215 F.3d 1233, 1235-36 (11th Cir. 2000), *cert. denied*, 530 U.S. 1256, 120 S.Ct. 2710, 147 L.Ed.2d 979 (2000) (concluding that a claim that lethal injection constitutes cruel and unusual punishment does not meet the requirements of 28 U.S.C. § 2244(b)(2)(A) or (B))."

For this reason, we DENY appellant's application for a stay of his execution pending appeal.

SO ORDERED.