UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

January 26, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1300

| | |
|---|---|
| MARVIN BIEGHLER, | Appeal from the United States |
| *Appellant-Plaintiff*, | District Court for the |
| | Southern District of Indiana, |
| *v.* | Indianapolis Division |
| | |
| J. DAVID DONAHUE, Commissioner | No. 06 C 136 |
| of the Indiana Department of Correction, | |
| ED BUSS, Superintendent | Larry J. McKinney, |
| of the Indiana State Prison, and | *Chief Judge*. |
| UNKNOWN EXECUTIONERS, | |
| *Appellees-Defendants*. | |

**O R D E R**

Marvin Bieghler is scheduled to be executed by the State of Indiana after midnight on January 27, 2006.  Earlier today, the United States District Court for the Southern District of Indiana denied Bieghler's request (contained in a complaint filed under 42 U.S.C. § 1983) for a stay of execution.  This afternoon, Bieghler filed a notice of appeal and a request for a stay of execution citing, among other things, the grant of certiorari issued by the United States Supreme

Court on January 25, 2006, in <u>Hill v. Crosby</u>, No. 05-8794.  Clarence Hill, the petitioner in that case, raised the same Eighth Amendment claim that Bieghler raises here, and he did so at the eleventh hour.  Hill was denied relief by the United States Court of Appeals for the Eleventh Circuit two days ago.  <u>See</u> Case No. 06-10621 (11th Cir. Jan. 24, 2006).  The grant of certiorari in <u>Hill</u> was apparently not called to the attention of the district court when it acted this morning.

We do not look favorably on eleventh hour requests for stays of execution.  They are often the product of dilatory motivation, a tactic which courts should never encourage.  That, plus the State's offer (apparently rejected by Bieghler) to not oppose "a reasonable increase in the dosage of the agents to be used in the injection," augurs for denying Bieghler's request.  Nevertheless, we cannot overlook the somewhat surprising grant of certiorari and stay of execution by the Supreme Court in the <u>Hill</u> case.  Although it's possible that the precise issue raised here by Bieghler may differ from the apparent procedural issue advanced by Hill (the availability of § 1983 to his claim), we can't comfortably be certain of that at this time.  So today, the Supreme Court's action in <u>Hill</u>, and only that action, moves us to favorably entertain Bieghler's request.

Accordingly, until further order of the court, the execution of Marvin Bieghler is ORDERED STAYED.

Kanne, *Circuit Judge,* dissenting..  The Supreme Court's grant of a stay and certiorari in *Hill v. Crosby*, 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006) (Kennedy, J.), will allow it to answer the question left open in *Nelson v. Campbell*; namely, "whether civil rights suits seeking to enjoin the use of a particular method of execution–*e.g.*, lethal injection or electrocution–fall

within the core of federal habeas corpus, or, rather whether they are properly viewed as challenges to the conditions of a condemned inmate's death sentence." 541 U.S. 637, 643-44 (2004). The answer to this question is important, because if the claim is viewed as one of habeas, as the Eleventh Circuit did in *Hill*, then the result is denial of the application because such a claim cannot be redressed under 28 U.S.C. § 2254. *See Hill v. Crosby*, No. 06-10621, 2006 WL 163607,*1 (11th Cir. Jan. 24, 2006). In this case, the parties and the district court have assumed that the answer to the question posed in *Hill* is favorable to Bieghler, meaning it is proper to consider Bieghler's claims under § 1983. Therefore, we need not wait for the Supreme Court's decision in *Hill*. The district court considered Bieghler's request for equitable relief and found it lacking, largely because Bieghler waited until the day before his execution to make the request. This ruling is consistent with the guidance provided by the Supreme Court in *Nelson*, and I see no reason to disturb it. *Nelson*, 541 U.S. at 650 ("Given the State's significant interest in enforcing its criminal judgments, . . .there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.")

I respectfully dissent.