Kanne, Circuit Judge,
dissenting.
The Supreme Court’s grant of a stay and certiorari in Hill v. Crosby, — U.S. -, 126 S.Ct. 1189, — L.Ed.2d - (2006) (Kennedy, J.), will allow it to answer the question left open in Nelson v. Campbell; namely, “whether civil rights suits seeking to enjoin the use of a particular method of execution — e.g., lethal injection or electrocution — fall within the core of federal habeas corpus, or, rather whether they are properly viewed as challenges to the conditions of a condemned inmate’s death sentence.” 541 U.S. 637, 643-44, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The answer to this question is important, because if the claim is viewed as one of habeas, as the Eleventh Circuit did in Hill, then the result is denial of the application because such a claim cannot be redressed under 28 U.S.C. § 2254. See Hill v. Crosby, 437 F.3d 1084, 1085 (11th Cir.2006). In this case, the parties and the district court have assumed that the answer to the question posed in Hill is favorable to Bieghler, meaning it is proper to consider Bieghler’s claims under § 1983. Therefore, we need not wait for the Supreme Court’s decision in Hill. The district court considered Bieghler’s request for equitable relief and found it lacking, largely because Bieghler waited until the day before his execution to make the request. This ruling is consistent with the guidance provided by the Supreme Court in Nelson, and I see no reason to disturb it. Nelson, 541 U.S. at 650 (“Given the State’s significant interest in enforcing its criminal judgments, ... there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.”)
I respectfully dissent.