[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2006
THOMAS K. KAHN
CLERK

———————

No. 06-10621

———————

D. C. Docket No. 06-00032-CV-SPM

CLARENCE E. HILL,

Plaintiff-Appellant,

versus

JAMES MCDONOUGH,
CHARLIE CRIST,

Defendants-Appellees.

————————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————————

(August 29, 2006)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Clarence E. Hill is a Florida death row inmate. On January 20, 2006, Hill brought this suit under 42 U.S.C. § 1983 to enjoin the State of Florida from carrying out his execution by lethal injection on January 24, 2006. He alleged that the State's execution procedure constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments because the first drug to be injected, sodium pentothal, would not suffice as an anesthetic to render painless the administration of the second and third drugs that would cause his death. That is, he could remain conscious and suffer severe pain as the second drug paralyzed his lungs and the third drug caused cramping and a fatal heart attack.

The district court, relying on our decision in Robinson v. Crosby, 358 F.3d 1281 (11th Cir. 2004), concluded that Hill's § 1983 claim was the functional equivalent of a successive petition for a writ of habeas corpus, which this court had not authorized him to file, see 28 U.S.C. § 2244(b)(3)(A), and therefore dismissed the claim for lack of jurisdiction. We affirmed. Hill v. Crosby, 437 F.3d 1084, 1085 (11th Cir. 2006).

Hill petitioned the Supreme Court for a writ of certiorari. The Court granted the writ and stayed his execution pending its resolution of the case. Hill v. Crosby, 546 U.S. ___, 126 S.Ct. 1189, 1190, 163 L. Ed. 2d 1144 (2006) (mem.). Following

oral argument, the Court held that Hill's § 1983 claim could proceed, vacated our judgment, and remanded the case for further proceedings.  Hill v. McDonough, 547 U.S. ___, 126 S.Ct. 2096, 2102–04, 165 L. Ed. 2d 44 (2006).  Since, as the Supreme Court observed, "[t]he equities and the merits of Hill's underlying action" have not been determined, id. at 2104, and because the district court is the appropriate forum for such determination, we vacate that court's decision and remand the case for further proceedings.

SO ORDERED.