[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14927

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00032-CV-SPM

CLARENCE E. HILL,

Plaintiff-Appellant,

versus

JAMES MCDONOUGH,
CHARLES CRIST,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 15, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Clarence E. Hill, currently an inmate on Florida's death row, moves this court for a stay of execution and expedited appeal of the dismissal of his pending action pursuant to 42 U.S.C. § 1983, in which he alleges violations and threatened violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. We find that Hill does not meet the standard for injunctive relief, and accordingly we deny his petition.

The basic facts of the underlying case resulting in Hill's death sentence are set forth in the decision of the Florida Supreme Court affirming Hill's conviction and death sentence on direct appeal. Hill v. State, 515 So. 2d 176, 177 (Fla. 1987). Over the course of more than 20 years, Hill has pursued various unsuccessful appeals and collateral proceedings seeking to have his conviction and death sentence overturned. On January 24, 2006, four days before his scheduled execution, Hill filed a civil complaint under 42 U.S.C. § 1983. In his complaint, Hill alleged that the particular three-drug lethal injection method used by Florida to carry out executions constituted cruel and unusual punishment in that the administration of the first drug might insufficiently render the condemned prisoner unconscious. Thus, a condemned prisoner might suffer severe pain caused by the administration of the second and third drugs in the execution series.

2

The day after Hill filed his complaint, the district court dismissed his claims for lack of jurisdiction, holding that Hill's action was effectively a successive petition for a writ of habeas corpus filed without leave and, thus, ran afoul of 28 U.S.C. § 2244(b). Hill v. Crosby, No. 4:06-CV-032-SPM, 2006 WL 167585, at *2–*3 (N.D. Fla. Jan. 21, 2006). On appeal, this court affirmed, denying Hill's application for a stay. Hill v. Crosby, 437 F.3d 1084, 1085 (11th Cir. 2006). The Supreme Court stayed the execution, granted certiorari and reversed, holding that Hill's claim could properly be brought as a § 1983 action where it challenged only the particular lethal injection protocol being used by the state, not the validity of lethal injection sentences generally. Hill v. McDonough, 546 U.S. ---, 126 S. Ct. 1189, 1190, 163 L. Ed. 2d 1144 (2006) (mem.); 547 U.S. ---, 126 S. Ct. 2096, 2102, 165 L. Ed. 2d 44 (2006). On remand, we further remanded the case to the district court for consideration on the merits. Hill v. McDonough, --- F.3d ---, 2006 WL 2472727, at *1 (11th Cir. Aug. 29, 2006).

Thereafter, in the course of one day – September 1, 2006 – Hill filed an amended complaint and request for a preliminary injunction, the State filed a response and motion to dismiss, and the district court issued an order denying the injunction and dismissing the complaint. On September 5, 2006, Hill moved for reconsideration, which motion was denied by the district court on September 11.

3

Now, Hill asks this court to stay his impending execution to allow for an expedited appeal.[1]

At the outset, we note that we do not here review the district court's order denying Hill's request for injunctive relief and dismissing his complaint. By his current motion, Hill asks only that we delay the execution and expedite his appeal. Were we to grant the relief that Hill seeks, we would only reach a review of the district court's decision after receiving the parties' arguments via an accelerated briefing schedule. With Hill's execution scheduled to be carried out within a matter of days from our receipt of the instant motion, we decline to engage in that protracted, and ultimately futile, sequence of events.

Instead, we dispose of Hill's motion by denying his request for an injunction based upon our independent analysis of the equities. In its decision remanding Hill's action to this court, the Supreme Court noted that it did not rule on whether a condemned § 1983 plaintiff challenging the method of execution might be eligible for a stay of execution to allow him to pursue his suit, but that "federal courts can and should protect States from dilatory or speculative suits" in

---

[1] Although Hill generally characterizes his motion as one for a "stay of execution," it is apparent that he petitions this court for a preliminary injunction, not a stay of the district court's order. The action of the district court leaves nothing for this court to stay, as the dismissal of the complaint and denial of reconsideration leave no further action to be taken by the district court. Instead, we treat Hill's motion as a request for an order temporarily enjoining the State from carrying out Hill's execution until his appeal in this case can be decided.

recognition of the "important interest in the timely enforcement of a sentence."

Hill v. McDonough, 547 U.S. at ---, 126 S. Ct. at 2104. The Court further noted

that "a stay of execution is an equitable remedy. It is not available as a matter of

right, and equity must be sensitive to the State's strong interest in enforcing its

criminal judgments." Id. Thus, we consider Hill's motion for injunctive relief

anew, but with the clear indication from the Supreme Court in this case that we

may deny Hill's request if the equities demand that result.

As with any application for injunctive relief, our analysis turns in part on

the type of injunction being sought. Hill's request for a preliminary injunction is

not predicated on any independent cause of action; instead, he requests the

injunction solely for the purpose of allowing time to pursue his appeal. As such,

the injunction sought is not a "traditional" injunction, but instead one grounded in

the authority of the federal courts under the All Writs Act, 28 U.S.C. § 1651(a),

which states, "The Supreme Court and all courts established by Act of Congress

may issue all writs necessary or appropriate in aid of their respective jurisdictions

and agreeable to the usages and principles of law." See Klay v. United

Healthgroup, Inc., 376 F.3d 1092, 1099–1100 (11th Cir. 2004) (explaining that

"[t]he Act does not create any substantive federal jurisdiction" and that the Act "is

a codification of the federal courts' traditional, inherent power to protect the

5

jurisdiction they already have, derived from some other source"). An injunction under the All Writs Act "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." Id. (noting "a court's traditional power to protect its jurisdiction"). Such is clearly the case here. Hill has noticed his appeal of the district court's dismissal of his § 1983 complaint, and we clearly have jurisdiction over that appeal. Were we to grant a preliminary injunction in order to allow time to hear Hill's appeal, we would be doing so to protect our appellate jurisdiction from the impending act of the State of Florida to execute Hill.[2]

We find, however, that the equities do not support Hill's request. Simply put, Hill was the architect of the very trap from which he now seeks relief. At the outset, Hill filed his § 1983 complaint four days before his previously scheduled execution date of January 24, 2006, and just after the Florida Supreme Court rejected his application for post-conviction relief on, among other grounds, his challenge to the Florida lethal injection protocol. See Hill v. State, 921 So. 2d 579, 582–83 (Fla. 2006). Hill's assertion of essentially the same lethal injection

_____

[2] Because we already have subject matter jurisdiction over Hill's appeal of the dismissal of his § 1983 action, this case is entirely different from In re: Clarence Edward Hill, 437 F.3d 1080, 1083 (11th Cir. 2006), where our jurisdiction ceased once we denied Hill's application under 28 U.S.C. § 2244(b)(3)(A) to file a successive petition for a writ of habeas corpus.

6

challenge in the Florida courts reveals that he was aware of the grounds for the claim much earlier than the date on which he actually filed his § 1983 action in federal district court. But we need not rely on that inference alone to determine that Hill unreasonably delayed in filing his federal complaint. The Florida Supreme Court considered a challenge to the Florida lethal injection protocols on similar grounds as early as 2000. Sims v. State, 754 So. 2d 657, 666–68 (Fla. 2000).[3] Although it is unclear from the procedural history whether Hill addressed the Sims precedent in his post-conviction proceedings after 2000, the fact remains that, during the pendency of his various collateral challenges, Florida had considered the same type of claim upon which Hill now seeks relief. In light of this context, Hill cannot claim that it was impossible for him to initiate his federal suit any earlier.

Further, with regard to more recent procedural history, Hill has again demonstrated his intent to delay proceedings in order to necessitate a stay. After the district court denied his request for injunctive relief and dismissed his complaint, Hill moved for reconsideration and, again, for a stay of execution. The district court denied his motions on September 11, 2006, noting that "Hill's

---

[3] The Florida Supreme Court relied on Sims in rejecting Hill's lethal injection challenge during post-conviction proceedings. Hill v. State, 921 So. 2d at 582–83.

7

emotionally-laden arguments raise no new evidence. . . . [I]t appears that Hill is engaging in dilatory tactics to delay a death sentence." Order Denying Motion for Reconsideration and Motion for Stay at 2–3, Hill v. McDonough, No. 4:06-CV-032-SPM (N.D. Fla. Sept. 11, 2006). By moving for reconsideration, Hill only further delayed this court's receipt of his case on appeal, bringing us within days of his scheduled execution before he filed the instant motion for a stay and expedited appeal.

In light of Hill's actions in this case, which can only be described as dilatory, we join our sister circuits in declining to allow further litigation of a § 1983 case filed essentially on the eve of execution. See White v. Johnson, 429 F.3d 572, 573–74 (5th Cir. 2005) (holding that even if the condemned inmate's § 1983 action was cognizable, "'he is not entitled to the equitable relief he seeks' due to his dilatory filing" (citations omitted)); Harris v. Johnson, 376 F.3d 414, 417–18 (5th Cir. 2004) (condemned inmate who filed § 1983 action ten weeks before his scheduled execution "leaves little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out"); see generally Hicks v. Taft, 431 F.3d 916 (6th Cir. 2005); Cooper v. Rimmer, 379 F.3d 1029 (9th Cir. 2004). This holding is consistent with the Supreme Court's instruction in its remand of Hill's case that

8

"[a] court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such time as to allow consideration of the merits without requiring entry of a stay.'" <u>Hill v. McDonough</u>, 547 U.S. at ---, 126 S. Ct. at 2104 (citation omitted).

Accordingly, Hill's motion for a stay of execution and expedited appeal is DENIED.