[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16408

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01083-CV-HLA-MCR

ANGEL NIEVES DIAZ,

Plaintiff-Appellant,

versus

JAMES MCDONOUGH
Secretary, Florida Department of Corrections, and
CHARLES J. CRIST, JR.,
Florida Attorney General,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2006)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Angel Nieves Diaz, a Florida prisoner under sentence of death, moves this Court for a stay of execution and appeals the denial by the district court of his request for a preliminary injunction. Diaz, who is scheduled to be executed by lethal injection on December 13, 2006, filed pro se a complaint under section 1983 in the Middle District of Florida and alleged that the lethal injection protocol used by the Florida Department of Corrections will cause him unnecessary pain and subject him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The district court denied Diaz's request for a preliminary injunction. We deny his petition.

The background of the underlying case that led to Diaz's death sentence is described in the decision of the Florida Supreme Court that affirmed Diaz's conviction and death sentence on direct appeal. Diaz v. State, 513 So. 2d 1045, 1046 (Fla. 1987). In the succeeding years, Diaz sought in various unsuccessful appeals and collateral proceedings, in both state and federal court, to have his conviction and death sentence overturned. On December 11, 2006, less than three days before his scheduled execution, Diaz filed pro se his complaint under section 1983 to challenge the three-drug lethal injection method used by Florida to carry out executions on the ground that it constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the

2

United States. Diaz requested "a preliminary temporary injunction prohibiting his execution, a permanent injunction barring the Defendants from executing him under the current protocol, an evidentiary hearing and the appointment of counsel." The district court denied the motion for a preliminary injunction because the district court concluded that Diaz failed to establish a "significant possibility of success on the merits" and based on the strong equitable presumption against granting a last minute stay.

Diaz now moves this Court for a stay of execution. Although Diaz describes his motion as one for a stay of execution, it is apparent that he petitions for an order temporarily enjoining the State from carrying out his execution until his appeal of the denial of his motion for a preliminary injunction can be decided. "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments." Hill v. McDonough, 126 S. Ct. 2096, 2104 (2006). "A court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" Hill v. McDonough, 126 S. Ct. at 2104 (citation omitted). "[W]e consider [Diaz's] motion for injunctive relief . . . with the clear indication from the Supreme Court .

. . that we may deny [Diaz's] request if the equities demand that result." Hill v. McDonough, 464 F.3d 1256, 1258 (11th Cir. 2006).

Because Diaz requests a preliminary injunction solely for the purpose of allowing time to pursue his appeal, the injunction sought is "one grounded in the authority of the federal courts under the All Writs Act, 28 U.S.C. § 1651(a)." Id. The All Writs Act states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). To obtain an injunction under the All Writs Act, the injunction "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004). Diaz has filed a notice of appeal of the denial of his motion for a preliminary injunction, and we have jurisdiction over that appeal. See 28 U.S.C. § 1292(a)(1). We could grant an injunction to protect our jurisdiction to hear Diaz's appeal.

Because we find that the equities do not support Diaz's request, we decline to grant an injunction. Diaz filed his section 1983 complaint and request for injunctive relief less than three days before his scheduled execution and shortly after the Florida Supreme Court denied his application for post-conviction relief

4

on, among other grounds, his challenge to the Florida lethal injection protocol. See Diaz v. State, -- So. 2d --, 2006 WL 3530471 (Fla. Dec. 8, 2006). Diaz was either aware or should have been aware of the grounds for his section 1983 claim much earlier than the date on which he filed his complaint. In fact, Diaz knew or should have known of the grounds for his claim long before he filed his complaint because the Florida Supreme Court considered a challenge to the Florida lethal injection protocols on similar grounds as early as 2000. See Sims v. State, 754 So. 2d 657, 666-68 (Fla.2000). In the light of this history, Diaz cannot claim that he could not have filed his federal complaint at an earlier date that would have allowed the courts to address the complaint on the merits without the necessity of a stay.

Diaz's motion for a stay of execution is **DENIED.**