[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15396
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00903-CV-TJC

RICHARD HENYARD,

Plaintiff-Appellant,

versus

SECRETARY, DOC,
JOHN DOES, Other Unknown
Employees and Agents of the
Florida DOC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 23, 2008)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Richard Henyard is a Florida death row inmate

scheduled for execution on September 23, 2008, at 6:00 p.m. On September 22,

2008, at 9:30 p.m., Henyard filed an action, via facsimile, under 42 U.S.C. § 1983, contending that certain aspects of the method of execution by lethal injection chosen by the State of Florida constitute cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments. The district court construed Henyard's complaint to include a motion for a stay of execution. On September 23, 2008, at 12:53 p.m., the district court denied Henyard's motion for a stay of execution. Henyard immediately appealed, and we ordered expedited briefing. After review, we conclude that the district court did not abuse its discretion in denying Henyard's motion for a stay of execution, and, thus, we affirm.

## I. Procedural History: 1994 - 2008

The full details of Henyard's crimes are set forth in Henyard v. McDonough, 459 F.3d 1217, 1220-22 (11th Cir. 2006). In short, in 1994 Henyard was convicted of the carjacking of Dorothy Lewis and her two children, Jasmine, age 3, and Jamilya, age 7; the first-degree murders of Jasmine and Jamilya Lewis; and the rape and attempted murder of Dorothy Lewis. The jury unanimously recommended, and the trial court imposed, death sentences.

In 1996, the Florida Supreme Court affirmed Henyard's convictions and death sentences on direct appeal. Henyard v. State, 689 So. 2d 239, 254 (Fla.

2

1996). In 1997, the United States Supreme Court denied Henyard's petition for writ of certiorari. Henyard v. Florida, 522 U.S. 846, 118 S. Ct. 130 (1997).

In 1998, Henyard filed a state motion for post-conviction relief and amended it in 1999. The state trial court denied Henyard's motion for post-conviction relief. On appeal, the Florida Supreme Court affirmed the state trial court's denial of post-conviction relief. Henyard v. State, 883 So. 2d 753, 766 (Fla. 2004). Henyard also filed in the Florida Supreme Court a petition for writ of habeas corpus contemporaneously with the appeal of the denial of his post-conviction motion. The Florida Supreme Court denied Henyard's state habeas petition in the same written opinion. Id. at 764-66.

On December 20, 2004, Henyard filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. The § 2254 petition in 2004 raised ten claims, none of which challenged lethal injection – Florida's method of execution since 2000. On August 2, 2005, the district court denied Henyard's § 2254 petition with prejudice. On August 11, 2006, this Court affirmed the district court's denial of Henyard's § 2254 petition. Henyard v. McDonough, 459 F.3d 1217, 1246 (11th Cir. 2006). On March 19, 2007, the United States Supreme Court denied Henyard's petition for writ of certiorari in his § 2254 case. Henyard v. McDonough, 127 S. Ct. 1818 (2007).

3

On October 18, 2007, Henyard filed a second successive motion for post-conviction relief in state court that raised four claims relating to Florida's lethal injection procedure. The state trial court denied Henyard's motion on January 8, 2008. Henyard appealed to the Florida Supreme Court. On August 4, 2008, Henyard filed another motion to vacate his death sentences with the state trial court. On August 14, 2008, the state trial court denied Henyard's motion to vacate. Henyard again appealed. The Florida Supreme Court consolidated both appeals, and on September 10, 2008, the Florida Supreme Court affirmed the state trial court's denial of Henyard's second successive motion for post-conviction relief and motion to vacate. Henyard v. State, __ So. 2d __, Nos. SC08-222, SC08-1544 & SC08-1653, 2008 WL 4148992, at *10 (Fla. Sept. 10, 2008).

## II. Henyard's § 1983 Action

On July 9, 2008, the Governor of the State of Florida set Henyard's execution for 6:00 p.m. on September 23, 2008. On September 22, 2008, at 9:30 p.m., Henyard filed this § 1983 action, contending that certain aspects of the State of Florida's method of execution by lethal injection violates the Eighth and Fourteenth Amendments. The district court ordered a response by the State of Florida by 10:30 a.m. on September 23, 2008.

4

At 12:53 p.m., the district court issued its 10-page order which (1) construed Henyard's § 1983 complaint as a motion for stay of execution; (2) construed the State's motion to dismiss the complaint as a response and opposition to Henyard's motion for a stay; (3) determined that Henyard's complaint was barred by Florida's four-year statute of limitations and that, therefore, Henyard had not carried his burden to show a significant possibility of success on the merits of his § 1983 complaint; (4) alternatively, concluded that the Florida and the federal courts repeatedly have rejected challenges to Florida's lethal injection procedure, and thus Henyard had not shown a significant possibility of success on the merits of his constitutional claims; and (5) alternatively, found that, even without his statute of limitations hurdle, Henyard was not entitled to a stay on the grounds of his undue delay in filing this § 1983 action and laches.[1]

### III. Discussion

We need not, and do not, reach the merits of Henyard's constitutional claims because we conclude: (1) that the district court did not err in determining that the particular claims in Henyard's current § 1983 action are barred by the statute of limitations and that thus Henyard has not carried his burden to show a

---

[1]We review a district court's order denying a stay of execution for abuse of discretion. Jones v. Allen, 485 F.3d 635, 639 (11th Cir.), cert. denied, 127 S. Ct. 2160 (2007); Hauser ex rel. Crawford v. Moore, 223 F.3d 1316, 1321 (11th Cir. 2000).

substantial likelihood of success on his § 1983 complaint, and (2) alternatively, that the district court did not abuse its discretion in denying Henyard's motion for a stay based on undue delay and laches. See Schwab v. Sec'y, Dep't. of Corr., 507 F.3d 1297, 1301 (11th Cir. 2007).

### A.    Statute of Limitations

As the district court found, and the parties do not dispute, a § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Omar ex rel. Cannon v. Lindsey, 324 F.3d 1246, 1251 (11th Cir. 2003). On January 14, 2000, Florida adopted lethal injection as a method of execution. Sims v. State, 754 So. 2d 657, 664 n.11 (Fla. 2000). Henyard then had 30 days under the new statute to select his preferred method, or until February 13, 2000. Thus, Henyard was required to bring this particular § 1983 lethal injection action within four years of that date, i.e., by February 13, 2004. He did not. Instead, he filed it on September 22, 2008, at 9:30 p.m., less than twenty-four hours before his scheduled execution. Accordingly, the district court properly denied Henyard's motion for a stay because his underlying § 1983 complaint is barred by the applicable statute of limitations. See McNair v. Allen, 515 F.3d 1168, 1177-78 (11th Cir.) (vacating the district court's grant of a stay of execution and concluding that capital

6

defendant's limitations period for his § 1983 lethal injection claim was two years under Alabama's governing period for personal injury actions and thus began to run on July 31, 2002, when he selected lethal injection as the method by which he would be put to death and expired two years later on July 31, 2004), cert. denied, Callahan v. Allen, 128 S. Ct. 2914 (2008); Crowe v. Donald, 528 F.3d 1290, 1292-93 (11th Cir.) (affirming the district court's denial of a motion to stay execution and concluding that capital defendant's § 1983 complaint challenging the method of lethal injection was subject to Georgia's two-year statute of limitations governing personal injury actions, and was untimely filed in October 2007), cert. dismissed, __ S. Ct. __, No. 07-11039, 2008 WL 2157792 (U.S. May 28, 2008).[2]

Further, as to the particular claims in Henyard's current § 1983 complaint, the statute-of-limitations clock did not restart in 2007 when Florida adopted additional safeguards in its lethal injection protocols. Henyard's complaint does not make a wholesale challenge to Florida's lethal injection protocols, but focuses primarily on allegations of inadequate training of the personnel administering the

---

[2]"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair, 515 F.3d at 1173 (citing Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47 (1985)).

lethal injection and the absence of certain medical personnel. Furthermore, no one disputes that Florida has used the same drugs, in the same order, for all executions since it adopted lethal injection on January 14, 2000. See Sims, 754 So. 2d at 664 n.11 (Fla. 2000); Lightbourne v. McCollum, 969 So. 2d 326, 345 (Fla. 2007) (detailing the August 2007 revisions to Florida's lethal injection protocols), cert. denied, 128 S. Ct. 2485 (2008). The Florida Supreme Court noted in Lightbourne that the "most significant" revision to Florida's protocols was "the inclusion of a pause during which the DOC personnel will assess the inmate for the presence or absence of unconsciousness." Lightbourne, 969 So. 2d at 346. Similar to the facts in McNair, the adjustments to Florida's lethal injection protocols did not restart the statute of limitations as to Henyard's particular § 1983 claims in this case. See McNair, 515 F.3d at 1177 (acknowledging that the changes in Alabama's protocols were not "significant" and did not restart the statute-of-limitations clock); see also Rutherford v. McDonough, 467 F.3d 1297, 1299-1300 (11th Cir. 2006) (denying rehearing and dismissing lethal injection challenge as dilatory despite recent amendments to Florida's lethal injection protocols because the revisions made "it less likely, not more likely, that the pain Rutherford claimed might result from using too little of the drug will result."). The State of Florida emphasizes that the revisions to Florida's lethal injection protocols provide

8

additional safeguards.  See Baze v. Rees, 128 S. Ct. 1520, 1570-71 (2008) (Ginsburg, J., dissenting) (noting that Florida has adopted safeguards for protection not found in Kentucky's protocols by taking measures to assess an inmate's consciousness).

### B.    Laches

Alternatively, the district court did not abuse its discretion in concluding that Henyard is not entitled to a stay based on his undue delay in filing this § 1983 action on the eve of his execution and laches grounds.  In 2000, the Florida Supreme Court decided Sims and upheld its lethal injection method of execution against a constitutional attack.  Sims, 754 So. 2d at 666-68 (Fla. 2000) (detailing Florida's lethal injection procedure).  In 2006, the Florida Supreme Court once again upheld Florida's lethal injection procedure against a constitutional attack.  Diaz v. State, 945 So. 2d 1136, 1142-45 (Fla. 2006) (rejecting allegation that Florida's three-drug lethal injection method constituted cruel and unusual punishment).  Then in 2007, the Florida Supreme Court upheld the revisions in the Florida Department of Corrections' August 2007 lethal injection protocol as constitutional.  Lightbourne, 969 So. 2d at 343-53 (Fla. 2007) (identifying the inclusion of a pause after the first injection of sodium pentothal to check on the inmates as the most significant revision to the protocol).  Henyard waited not only

9

eight years after Florida adopted its lethal injection protocols, but also almost 13 months after the August 2007 revisions to the protocols to file his § 1983 action.

Indeed, in Diaz v. McDonough, 472 F.3d 849 (11th Cir. 2006), this Court denied a motion for stay of execution by lethal injection and reasoned that "Diaz knew or should have known of the grounds for his claim long before he filed his complaint because the Florida Supreme Court considered a challenge to the Florida lethal injection protocols on similar grounds as early as 2000." Id. at 851 (citing Sims, 754 So. 2d at 666-68); see also Williams v. Allen, 496 F.3d 1210, 1214 (11th Cir.) (stating that the "crux of Williams' complaint . . . centers on the three-drug protocol utilized by virtually every other state that executes its death row inmates by lethal injection. Thus, his reliance on the alleged changes to Alabama's execution protocol to excuse his unjustifiable delay is belied by his complaint which lists Thiopental, Pavulon, and Potassium Chloride as the three-drug protocol utilized by the State"), cert. dismissed, 128 S. Ct. 370 (2007). As in other last-minute § 1983 challenges to lethal injection, laches bars Henyard's motion for a stay of execution. See id. at 1215; Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir.), cert. denied, 128 S. Ct. 6 (2007); Jones v. Allen, 485 F.3d 635, 639-40 (11th Cir.), cert. denied, 127 S. Ct. 2160 (2007); Rutherford v. McDonough, 466 F.3d 970, 973-74 (11th Cir. 2006), cert. denied, 127 S. Ct. 465

10

(2007); see also Hill v. McDonough, 547 U.S. 573, 584, 126 S. Ct. 2096, 2104 (2006) ("A court considering a stay must also apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'") (citation omitted); Nelson v. Campbell, 541 U.S. 637, 649-50, 124 S. Ct. 2117, 2126 (2004) ("[B]efore granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim.").

## IV.  Conclusion

For these reasons, this Court affirms the district court's denial of Henyard's motion for a stay of execution.

**AFFIRMED at 5:50 p.m., 23 September 2008.**

BIRCH, Circuit Judge, specially concurring:

I concur in Part B of the majority opinion and in the affirmance of the denial of the stay.

BARKETT, Circuit Judge, specially concurring:

I agree that the particular claims made by Richard Henyard in his complaint have been available to him since 2000 when Florida adopted lethal injection as its method of execution. Thus, under our precedent, <u>McNair v. Allen</u>, 515 F.3d 1168 (11th Cir. 2008), I agree that Henyard is procedurally barred by Florida's four year statute of limitations from bringing these claims.