MARTIN, Circuit Judge,
concurring in judgment:
In Mr. Chavez’s case, the District Court has made the factual finding that Florida’s “protocol change substituting midazolam for the first drug in the three-drug protocol is not a substantial change to the protocol.” This finding is not clearly erroneous based on the record before the District Court, so I am compelled to affirm the District Court’s Order denying a preliminary injunction and stay of Mr. Chavez’s execution.
I write separately to emphasize the fact-intensive nature of the District Court’s decision in this case and to commend the District Court for holding an evidentiary hearing before concluding that Mr. Chavez “has not shown a substantial likelihood of success on the merits of his claims because they are barred by Florida’s four-year statute of limitations.” Because I view the statute of limitations issue as dispositive to Mr. Chavez’s Eighth Amendment claims, I agree with the decision to affirm the District Court. But because we review a record from the District Court which arose from a quickly assembled hearing based on a request for injunctive relief, I do not believe that record lends itself to a review of the merits of Mr. Chavez’s underlying claims.
Where, as here, the state raises a valid statute of limitations defense to a § 1983 lethal injection lawsuit, it is not necessary for us to consider the merits of the underlying constitutional claim. See, e.g., Henyard v. Sec’y, DOC, 543 F.3d 644, 647 (11th Cir.2008) (“We need not, and do not, reach the merits of Henyard’s constitutional claims [regarding the constitutionality of Florida’s lethal injection procedures] because we conclude: (1) that the district court did not err in determining that the particular claims in Henyard’s current § 1983 action are barred by the statute of limitations and that thus Henyard has not carried his burden to show a substantial likelihood of success on his § 1983 complaint....”); McNair v. Allen, 515 F.3d 1168, 1178 (11th Cir.2008) (finding a District Court abused its discretion in granting a stay in a § 1983 lethal injection case by determining the prisoner “had a significant possibility of success on the merits of his claim when, in fact, the complaint was filed beyond the applicable ... statute of limitations”). We review an evidentiary record in which Mr. Chavez was expressly limited by the district court, no doubt due in large measure to the timing of his lawsuit being filed only a couple of weeks before his scheduled execution.
Mr. Chavez filed his § 1983 amended complaint in the District Court on Monday, February 3, 2014. The District Court entered an order that same day directing the parties to file expedited pleadings in the District Court the next day. Mindful of Mr. Chavez’s imminent execution, the District Court also scheduled a “limited evi-dentiary hearing” for Wednesday, February 5, 2014 at 9:00 a.m. The Order setting the hearing limited Mr. Chavez to a single witness, Dr. Lubarsky, whose testimony was also limited solely to the subject of his earlier filed affidavit. On February 4th, the state filed a response and motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively moved for summary judgment, arguing that Mr. Chavez’s claims were, among other things, barred by the statute of limitations. The state also filed an emergency motion for reconsideration of the District *1277 Court’s order granting a limited evidentia-ry hearing, which the District Court took under advisement.
At the beginning of the evidentiary hearing, the District Court heard arguments on preliminary matters, including arguments about the necessity of even having an evidentiary hearing. Mr. Chavez’s counsel argued that his expert, Dr. Lubarsky would testify, consistent with his earlier filed affidavit, that Florida’s September 2013 changes to its lethal injection protocol worked a “substantial change” sufficient to overcome any statute of limitations bar. Mr. Chavez’s counsel acknowledged at the time that “if we do not prevail on a substantial change, then obviously the statute of limitations issue is foreclosed, but we will make the case today that this was a substantial change.” Mr. Chavez’s arguments prompted the District Court to ask the state the following question: “[I]s not that determination a fact intensive determination as to whether or not there’s been a substantial change? And as I understand [the state’s] argument, the statute of limitations rests on whether or not there has been a substantial change?” The state answered ‘Tes” and argued that “merely substituting” “one anesthetizing drug in the three-drug protocol does not restart your statute of limitations.” After hearing additional argument, the District Court denied the state’s motion for the Court to reconsider its order setting an evidentiary hearing, explaining that the issues raised by the state “are all fact dependent.” I could not agree more with the District Court’s decision that an evidentiary hearing was necessary.
It is well-settled that “a method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol.” McNair v. Allen, 515 F.3d 1168, 1174 (11th Cir.2008). Mr. Chavez’s state case became final in 2003 with the denial of certiorari review by the United States Supreme Court. See Chavez v. Florida, 539 U.S. 947, 123 S.Ct. 2617, 156 L.Ed.2d 637 (2003).[1] In order to overcome Florida’s statute of limitations defense, Mr. Chavez “must show that he filed his § 1983 complaint within [four] years of a significant change in [Florida’s] method of administering lethal injections.” Arthur v. Thomas, 674 F.3d 1257, 1259 (11th Cir.2012) (emphasis added).
Mr. Chavez’s motion for temporary restraining order, preliminary injunction and stay in the District Court alleged his § 1983 action was not barred by the statute of limitations because the midazolam protocol “is a substantially changed execution protocol.” Specifically, 'Mr. Chavez challenged Florida’s substitution of mi-dazolam hydrochloride for pentobarbital as the first drug in Florida’s three-drug protocol. Unlike pentobarbital, which is a barbiturate, Mr. Chavez’s amended § 1983 complaint alleged with specificity that “mi-dazolam is an ... inappropriate drug to use to achieve the purpose of the first drug in a three-drug lethal injection protocol because it is never used as the sole anesthetic for a painful procedure and has no analgesic properties.”
Significantly, Mr. Chavez supported his factual allegations with a declaration from *1278 Dr. David Lubarsky, an anesthesiologist with impressive credentials from the University of Miami, as well as an affidavit from James R. McDonough, former Secretary for the Florida Department of Corrections. In short, Mr. Chavez presented new and additional information to the District Court in support of his § 1983 claims that was not presented or considered in Muhammad v. Crews, No. 3:13-cv-1587-J-32JBT, 2013 WL 6844489 (M.D.Fla. Dec. 27, 2013), aff'd sub nom., Muhammad v. Sec’y, Fla. Dep’t of Corr., 739 F.3d 683 (11th Cir.2014), cert. denied, — U.S. —, 134 S.Ct. 894, 187 L.Ed.2d 700 (2014). That additional information included, for example, new allegations that Mr. Muhammad’s “eyes opened three minutes before he was declared dead.” The opening of Mr. Muhammad’s eye at this stage of Florida’s midazolam protocol, Mr. Chavez alleged, “indicates that he was not properly anesthetized and that he would have been experiencing the effects of the vecuronium and potassium chloride already administered.” As I mentioned, the District Court limited Mr. Chavez to one witness, Dr. Lubarsky. The state was, in turn, permitted to call only one rebuttal witness of its choosing.
We have said that “[wjhether a significant change has occurred in a state’s method of execution is a fact-dependent inquiry, which we have treated as such in each of our recent cases addressing the lethal injection protocols of Alabama, Georgia and Florida.” Arthur, 674 F.3d at 1260 (emphasis added). As we emphasized in Arthur, any conclusion that the substitution of one drug for another in a lethal injection protocol does not constitute a “significant change” is necessarily “premised on the specific factual allegations and/or evidence presented and considered ” in each case. Id. One § 1983 plaintiffs litigation of a particular lethal injection protocol cannot foreclose all further judicial inquiry into the matter. Were it otherwise, courts would be deprived of the ability to consider the significance of the use of new drug in new ways, as well as the experiences states have had in using the new drug protocols. This is important where, as here, states are experimenting with new drug protocols because of shortages in pentobarbital and other drugs, as well as our evolving scientific knowledge and experience with new drug protocols.
All this is to say, the District Court should be commended for its cautious and deliberate approach to deciding the disputed factual issues concerning Florida’s new midazolam drug protocol. Given the fact dependent nature of the District Court’s ruling on the issue of whether Mr. Chavez demonstrated a significant change to the protocol, as well as the deference owed District Court fact findings made after an evidentiary hearing, I am compelled to defer to the District Court’s conclusion that Mr. Chavez has not shown a likelihood of success on the merits of his claims because they are barred by Florida’s statute of limitations. The District Court’s fact finding on this issue was not clearly erroneous.

. Although not the subject of this Order, it is not disputed that Mr. Chavez never had federal habeas review of the merits of his § 2254 habeas petition, because he missed the deadline for filing set by the Antiterrorism and Effective Death Penalty Act. See Chavez v. Sec’y Fla. Dep’t of Corr., 647 F.3d 1057 (11th Cir.2011), cert. denied sub nom., Chavez v. Tucker, - U.S. -, 132 S.Ct. 1018, 181 L.Ed.2d 752 (2012). Indeed to my knowledge he is the first inmate in the state of Florida to be executed with no federal habeas review of the merits of his claims.