[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12027
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00134-MW-CAS


RANDALL LAMONT ROLLE,

Plaintiff-Appellant,

versus

EMILY GLENN,
Probation Officer,
SHERRI WEST,
Supervisor,
ROBERT COX,
Supervisor,
MICHAEL MCNAMARA,
Attorney,
LACEY KANTOR,
Attorney, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 19, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Randall Lamont Rolle, a Florida prisoner proceeding pro se[1], appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action for failure to state a claim under 28 U.S.C. § 1915A, as an abuse of the legal process, and pursuant to the *Younger*[2] abstention doctrine. On appeal, Rolle argues that the district court abused its discretion by failing to address his claims against the three probation officers named in his suit, asserting that they were liable under § 1983 because they filed false statements concerning Rolle's alleged violations of the terms of his community control in order to procure his arrest. Rolle further argues that the district court erred in determining that three Florida state judges were entitled to immunity in his case because judicial immunity does not apply where they acted without jurisdiction. Similarly, he argues that the assistant state attorneys named in his suit were not entitled to prosecutorial immunity because they lacked legal authority in the county where Rolle's alleged violations of probation/community control occurred. Finally, he argues that the three public

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, a party abandons all issues on appeal that he does not plainly and prominently raise in his brief. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Where a district court's judgment is based on multiple, independent grounds, and an appellant fails to challenge on appeal one of the grounds, he is "deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

[2] *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 750 (1971).

defenders named in the case were state actors for purposes of a § 1983 suit because they conspired with the government to deny him his rights.[3]  After careful review, we affirm.

We review de novo the district court's *sua sponte* dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A, "taking the allegations in the complaint as true."  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  We review dismissals for abuse of the judicial process for abuse of discretion.  *See Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989).  Additionally, we review the district court's application of the *Younger* abstention doctrine for abuse of discretion.  *See Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009).

Here, Rolle makes no argument on appeal regarding the district court's determinations that (1) Rolle's repeated filings of the same or similar claims in the district court amounted to an abuse of the judicial process; and that (2) Rolle's complaint was barred by the *Younger* abstention doctrine because a related case was still pending in state court.  Because Rolle makes no argument as to the district court's dismissal on these bases, they are abandoned, and we may affirm on those grounds.  *See Sapuppo*, 739 F.3d at 680; *Jernigan*, 341 F.3d at 1283 n.8.

---

[3] In addition to his initial brief, Rolle filed a motion for an injunction and a motion to amend his district court complaint with our court.  He now moves to disregard the initial brief and those two motions, and to grant him leave to file an amended brief, in order to correct citations, and an amended motion for an injunction.  He also has filed an amended brief, an amended motion for an injunction, and a new motion to amend his district court complaint.

3

Nevertheless, Rolle also fails to demonstrate that the district court erred by dismissing the complaint for failure to state a claim under 28 U.S.C. § 1915A.[4]  As the district court noted, many of Rolle's arguments concern state criminal proceedings dating as far back as 2002, and thus, to the extent his claims are based on alleged violations of his rights that occurred more than four years prior to Rolle's initiation of this case, they are barred by Florida's four-year statute of limitations for personal injury claims.  *See Henyard v. Sec'y, Dept't of Corr.*, 543 F.3d 644, 647 (2008) (per curiam) (stating that "a § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations").

The district court also properly determined that the judges and prosecutors named in the suit are immune from liability.  *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (explaining that prosecutors are entitled to absolute immunity for their acts or omissions taken in the course of initiating a prosecution); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.") (internal quotation marks omitted).

---

[4] 28 U.S.C. § 1915A provides that the district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity" either before docketing or as soon as practicable after docketing, and shall dismiss the complaint if, *inter alia*, it "fails to state a claim upon which relief could be granted." *See* 28 U.S.C. § 1915A(a), (b)(1).

4

Further, the district court properly determined, as to the public defenders, that they are not liable because they are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (holding that a public defender does not act under color of state law, as required under § 1983, when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding).

Finally, Rolle failed to allege sufficient facts to plausibly show that any of the probation officers named in his complaint deprived him of a federal right. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (stating that a complaint does not need "detailed factual allegations" but it requires more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement.") (internal quotation marks omitted); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.").

Accordingly, Rolle's motion for leave to file an amended appellate brief and amended motion for injunction is **GRANTED**.  Rolle's initial motion for injunction and motion to amend his complaint are **DENIED AS MOOT**.  Rolle's

amended motion for injunction and his renewed motion to amend his complaint are

**DENIED**.  The district court's dismissal of the complaint is hereby **AFFIRMED**.