[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-12516

————————————————

CARLUS LEANDRUS HAYNES,

Plaintiff-Appellant,

*versus*

CITY OF ORLANDO,
MARTHA LEE LOMBARDY,
O'CONNOR AND O'CONNOR, LLC,
DENNIS R. O'CONNOR,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00372-RBD-EJK

————————————————

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Carlus L. Haynes appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleges that the City of Orlando and its lawyers—Martha Lee Lombardy, O'Connor and O'Connor, LLC, and Dennis O'Connor—employed discriminatory strikes during jury selection in his personal-injury suit in state court. Before us, Haynes argues that the district court erred in refusing to consider his claims on the merits on the ground that the statute of limitations began to run by the end of the jury-selection process. He asserts that the statute of limitations should have begun to accrue, at the earliest, when the state court entered its order granting a new trial. After careful review of the parties' arguments, and with the benefit of oral argument, we affirm.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

**I**

Haynes is an African-American attorney. After he was involved in a car accident, Haynes—represented by his law partner—filed a personal-injury action against the City of Orlando in 2014. The City was represented by in-house counsel, Martha Lee Lombardy, and outside counsel, Dennis O'Connor of O'Connor & O'Connor, LLC. During jury selection in November 2017, the City's attorneys used peremptory challenges to strike African-American females who were of similar age and occupation to white

females that they accepted.  Haynes's counsel raised a *Batson* challenge alleging that this practice was discriminatory, which the trial court overruled.  The jury returned a verdict for the City and on November 22, 2017, Haynes filed a motion for a new trial based on the allegedly discriminatory strikes and the court's failure to follow the proper procedure for resolving race-based objections.  On February 27, 2018, the trial court granted Haynes's motion, concluding that the court hadn't followed proper procedures when it accepted the attorney's race-neutral reason at face value.  The City appealed the new trial order, but a Florida appellate court affirmed in 2019.  The case was settled and never retried.

Haynes, proceeding pro se, filed a complaint in federal district court in 2022 alleging § 1983 claims against the City and its attorneys.  Each claim was premised on the allegedly unconstitutional use of peremptory challenges to strike African Americans during the jury selection process.  The City and its attorneys moved to dismiss, arguing, inter alia, that the claims were barred by the statute of limitations.  The district court granted the motion, concluding that Florida's statute of limitations for § 1983 claims is four years, that Haynes knew or should have known of his injury by the completion of jury selection in November 2017, and that his claims were therefore time barred.

This is Haynes's appeal.

## II

We review a district court's dismissal pursuant to Rule 12(b)(6) and its application of a statute of limitations de novo.

*Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008). In considering whether a district court's dismissal is proper, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The statute of limitations for § 1983 claims is determined by the limitations period for torts in the state where the action is brought, *Wallace v. Kato*, 549 U.S. 384, 387 (2007), which in Florida is four years, *Henyard v. Sec'y, Dep't of Corr.*, 543 F.3d 644, 647 (11th Cir. 2008). Federal law, however, determines when the statute of limitations begins to accrue. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561–62 (quotation marks omitted).

As we understand matters from the pleadings, briefs, and oral argument, Haynes is alleging two different injuries: (1) the emotional distress suffered by witnessing discriminatory tactics used in trial; and (2) a violation of his constitutional rights. *See* Doc. 1 ¶¶ 54, 59, 65, 70. He seeks compensatory damages from the City, and compensatory, punitive, and nominal damages from the individual lawyers. *Id.* Haynes argues that his claims are not time-barred because the earliest he could have known that unlawful discrimination occurred in the jury-selection process was when the trial court entered its order granting a new trial. According to

22-12516                Opinion of the Court                5

Haynes, until then he only had "an argument or belief" that discrimination had occurred.

Respectfully, we disagree. Any injury caused by the discriminatory strikes would have occurred when Haynes became aware of such discrimination. We needn't speculate whether Haynes might have become aware of the discrimination when he witnessed the City's lawyers employ the strikes during jury selection, or even when he lodged an in-court objection. We can be certain—and indeed, his complaint acknowledges—that Haynes knew that the City's attorneys had employed what he claimed to be discriminatory strikes, at the very latest, on November 22, 2017, when he filed his motion for a new trial based on those very strikes. We hold that for a "person with a reasonably prudent regard for his rights"—which, as a talented lawyer, Haynes certainly is—the facts supporting Haynes's causes of action would have been "apparent" when he filed his new-trial motion, as those facts formed the basis of the motion's argument. *See Rozar*, 85 F.3d at 561–62 (citation omitted). Therefore, all of Haynes's requests for relief are time-barred.

**AFFIRMED.**

22-12516                ABUDU, J., Concurring                1

ABUDU, Circuit Judge, Concurring:

I agree with the holding that Haynes, based on the set of facts presented in his case, is not entitled to relief because the trial court's decision to order a new trial addressed any concerns Haynes raised regarding the jury pool.

As for Haynes' emotional distress claim and request for damages, it still remains unclear whether Haynes could have properly filed suit on that basis at the time of the juror strikes, at the time the court granted his motion for a new trial, or at the time he received a favorable resolution of his *Batson* challenge from the state appellate court. Because we do not properly address those issues today, the same unanswered questions likely will continue to encumber litigants and district courts in the future.