[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-15544

_____

IN RE:


LARRY EUGENE HUTCHERSON,

                                                                    Petitioner.



_____

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. §2244(b)
_____
(October 24, 2006)



Before BIRCH, DUBINA, and WILSON, Circuit Judges.

PER CURIAM:

Larry Eugene Hutcherson ("Hutcherson"), is an Alabama death row inmate

scheduled for execution on October 26, 2006. On October 20, 2006, Hutcherson

filed a Motion for Leave to file a Successive Habeas Corpus Petition and a Motion

to Stay his Execution. Hutcherson previously filed a 28 U.S.C. § 2254 petition in

the district court. The district court dismissed the petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court denied Hutcherson's Motion for a Certificate of Appealability ("COA"). As set forth below, we deny Hutcherson's Motion for Leave to file a Successive Habeas Corpus Petition, and we deny his Motion to Stay.

## DISCUSSION

A. *Motion for Leave to file a Successive Habeas Corpus Petition*

Section 2244(b) directs Courts of Appeal to authorize the filing of a second habeas corpus application only if the applicant makes a prima facie showing that one of two specific requirements has been satisfied. Section 2244 provides that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed

2

> in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(1) & (2).

Hutcherson raises two claims in his Application for Leave to file a Successive Habeas Petition. First, Hutcherson contends that the Alabama Death Penalty Act is unconstitutional and does not comport with the Supreme Court's dictates set forth in *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527 (2003). Hutcherson previously raised this ground for relief in his first habeas corpus petition. Moreover, Hutcherson admits in his application that this ground for relief does not rely on a new rule of law or on newly discovered evidence. *See* § 2244(b)(2). Accordingly, this claim for relief is subject to dismissal.

Hutcherson's second claim for relief, ineffective assistance of counsel, is based on the Supreme Court's decision in *Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456 (2005). Hutcherson claims that the Court announced a "new rule" in *Rompilla* with respect to claims of ineffective assistance of counsel. Hutcherson is incorrect. The Court's decision in *Rompilla* was another interpretation of the Court's long-standing principles set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). It did not set forth a "new rule of law." Furthermore, *Rompilla* was decided in June 2005, several months before the district court denied

3

Hutcherson's first habeas petition. *See Hutcherson v. Culliver*, Civil Action No. 04-514-CG-C (S. D. Ala.). Thus, this ground for relief was available to Hutcherson during the pending of his first federal habeas petition.

Because we conclude that Hutcherson has failed to make the necessary showing under either § 2244(b)(2)(A) or (B), we deny his application for leave to file a successive habeas corpus petition.

B. *Motion to Stay Execution*

We will "consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. United States Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654, 112 S. Ct. 1652 (1992). We must consider "the extent to which [Hutcherson] has delayed unnecessarily in bringing the claim . . . [because] there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 649-50, 124 S. Ct. 2117, 2126 (2004) (quoted with approval in *Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096, 2104 (2006)). The Supreme Court noted that a stay is an equitable remedy, and "[e]quity must take into consideration the State's strong interest in proceeding with its judgment and . . . attempt[s] at manipulation." *Nelson*, 541 U.S. at 650, 124 S. Ct. at 2126. (quoting *Gomez*, 503 U.S. at 654, 112

4

S. Ct. 1652).

Hutcherson requests that this court grant him a stay of his execution pending our resolution of his motion for leave to file a successive habeas petition. A stay is inappropriate because Hutcherson's inequitable conduct does not entitle him to equitable relief. The State placed Hutcherson on notice in June 2006 that it intended to seek a date for his execution. The State served Hutcherson and his attorney with its motion. On September 20, 2006, the State again sought an execution date for Hutcherson, with notice to Hutcherson and his counsel. In spite of this notice, Hutcherson waited until eight days before his scheduled execution to file his motion to stay pending this court's ruling on his application to file a successive habeas petition. As we noted in *Hill v. McDonough*, ___ F.3d ___ (No. 06-14927) (11th Cir. Sept. 15, 2006), Hutcherson is "the architect of the very trap from which he now seeks relief." Hutcherson's need for a stay of execution is directly attributable to his own failure to bring his claims to court in a timely fashion. Because there is a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," *Nelson*, 541 U.S. at 650, 124 S. Ct. 2126, we decline to grant Hutcherson a stay.

APPLICATION DENIED; STAY OF EXECUTION DENIED.

5