[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15680

_____

D. C. Docket No. 07-02534-CV-CC

SAMUEL DAVID CROWE,

                                                        Plaintiff-Appellant,

versus

JAMES E. DONALD, in his official
capacity as Commissioner of the
Georgia Department of Corrections,
HILTON HALL, in his official capacity
as Warden, Georgia Diagnostic and
Classification Prison,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 20, 2008)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Samuel David Crowe has moved for a stay of his execution by the State of Georgia, which is scheduled to occur on May 22, 2008, at 7:00 p.m., pending our review of the sua sponte dismissal of Crowe's complaint that the method for lethal injection employed by Georgia is cruel and unusual punishment. Because Crowe's complaint is barred by the statute of limitations and the equities do not favor a stay of execution, we deny his motion.

Crowe was sentenced to death on November 18, 1989, after he pleaded guilty to a murder committed on March 2, 1988. We have previously described the details of the murder, Crowe's conviction, and the litigation that followed. See Crowe v. Hall, 490 F.3d 840, 843–44 (11th Cir. 2007). In 1995, the Supreme Court of Georgia affirmed Crowe's conviction and sentence, Crowe v. State, 265 Ga. 582, 458 S.E.2d 799 (1995), and in 1996 the Supreme Court of the United States denied his petition for a writ of certiorari, Crowe v. Georgia, 516 U.S. 1148, 116 S. Ct. 1021 (1996).

In 2002, Crowe filed a petition for a writ of habeas corpus in the Superior Court of Butts County, Georgia, that challenged, as cruel and unusual punishment, the method of lethal injection used by Georgia. Crowe v. Terry, 426 F. Supp. 2d 1310, 1351 (N.D. Ga. 2005); Crowe v. Head, 356 F. Supp. 2d 1339, 1346–47

(N.D. Ga. 2005). That petition was rejected by the Georgia court in 2002. Crowe then filed a petition for a writ of habeas corpus in a federal district court and raised the same challenge. Terry, 426 F. Supp. 2d at 1351. The district court denied Crowe's "claim that execution by lethal injection is cruel and unusual punishment." Id. at 1354. Crowe sought a certificate of appealability, see 28 U.S.C. § 2253(c), which was granted with respect to several other issues raised in his petition but denied with respect to his challenge to the method of lethal injection. We affirmed the denial by the district court of Crowe's petition on June 27, 2007. Hall, 490 F.3d at 848.

On October 12, 2007, Crowe filed his third challenge to the method of lethal injection in the form of a civil complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The district court sua sponte dismissed the complaint as barred because the claim that the method of execution was cruel and unusual punishment had already been decided when the district court denied Crowe's petition for a writ of habeas corpus. The district court dismissed Crowe's complaint as frivolous under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b)(1). Crowe appealed.

After we received briefs from both parties and scheduled oral argument, the Supreme Court denied Crowe's petition for a writ of certiorari about our decision

3

that affirmed the denial of his federal habeas corpus petition. Crowe v. Hall, No. 07-9096 (U.S. Apr. 21, 2008). On May 8, the Superior Court of Douglas County ordered Crowe's execution at the request of a district attorney. The Georgia Department of Corrections set May 22, 2008, as the date of execution. The district court denied Crowe's motion for a stay of his execution, and Crowe has moved in this Court for a stay pending our resolution of his appeal.

The Supreme Court of the United States has explained that a stay is an equitable remedy not available as a matter of right and before a court grants a stay, it must consider "the relative harms to the parties," "the likelihood of success on the merits," and "the extent to which the inmate has delayed unnecessarily in bringing the claim." Nelson v. Campbell, 541 U.S. 637, 649–50, 124 S. Ct. 2117, 2126 (2004). We consider the relative harms to the parties by balancing the competing interests of Crowe and Georgia. McNair v. Allen, 515 F.3d 1168, 1172 (11th Cir. 2008) (citing Nelson, 514 U.S. at 644, 124 S. Ct. at 2123). "A defendant's interest in being free from cruel and unusual punishment is primary; however, the State's interest in effectuating its judgment remains significant." Id. Victims of crime also "have an important interest in the timely enforcement of a sentence." Hill v. McDonough, 547 U.S. 574, 584, 126 S. Ct. 2096, 2104 (2006) (citing Calderon v. Thompson, 523 U.S. 538, 556, 118 S. Ct. 1489, 1501 (1998)).

4

"[L]ike other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." Id.

Although the district court concluded that principles of res judicata and collateral estoppel barred Crowe's claim, which had already been rejected by the state and federal courts that heard Crowe's habeas petitions, we need not decide that issue; Crowe's appeal cannot succeed on the merits because his complaint is untimely. See Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007) ("This court may affirm on any ground supported by the record."). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair, 515 F.3d at 1173. Crowe brought his claim in Georgia, where the governing limitations period is two years. Ga. Code Ann. § 9-3-33; Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006). We have explained that "a method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." McNair, 515 F.3d at 1174.

Crowe's claim accrued no later than 2001, when, after direct review of his convictions had been completed, Crowe became subject to the method of lethal

5

injection that he challenges. See id. at 1177. Crowe's complaint was filed several years beyond the applicable two-year statute of limitations. Under our precedent, Crowe did not have a significant possibility of success on the merits of his claim. Id. at 1178 ("[T]he district court abused its discretion by determining [the plaintiff] had a significant possibility of success on the merits of his claim when, in fact, the complaint was filed beyond the applicable two-year statute of limitations.").

The Supreme Court has explained that, "[g]iven the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." Nelson v. Campbell, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126 (2004) (citations omitted). In several decisions, we have refused to grant a dilatory stay sought on the eve of an execution. See, e.g., Diaz v. McDonough, 472 F.3d 849, 850 (11th Cir. 2006); In re Hutcherson, 468 F.3d 747, 749 (11th Cir. 2006); Hill v. McDonough, 464 F.3d 1256, 1259 (11th Cir. 2006) (hereinafter Hill II). Crowe filed his complaint eight months ago, before his execution date was set, but his delay of more than five years in bringing his complaint under the Civil Rights Act of 1871 was unreasonable.

Our decision in Jones v. Allen, 485 F.3d 635 (11th Cir. 2007), is instructive.

6

Jones challenged the method of lethal injection in Alabama under the Civil Rights Act of 1871 ten months after we affirmed the denial of his habeas petition but before the Supreme Court denied his petition for a writ of certiorari and before the state set an execution date. Id. at 637–39 & n.2. While Jones's complaint was pending in the district court, Alabama set an execution date, and we denied his motion to stay the execution. We explained that Jones had filed his claim "nearly four years after Alabama made lethal injection its primary method of execution" and could see "no convincing reason why . . . Jones could not have brought his method-of-execution challenge sooner than he did." Id. at 639–40. Jones's delay left "little doubt that the real purpose behind his claim [was] to seek a delay of his execution, not merely to effect an alteration of the manner in which it [was] carried out." Id. (quoting Harris v. Johnson, 376 F.3d 414, 418 (5th Cir. 2004)) (internal quotation mark omitted).

We must consider whether Crowe "could have brought his claim 'at such a time as to allow consideration of the merits without requiring entry of a stay,'" id. (quoting Nelson, 541 U.S. at 650, 124 S. Ct. at 2126), and the answer to this question is clearer than it was in Jones. Crowe waited longer than Jones to bring his claim; Crowe waited almost three times the length of the applicable statute of limitations. Crowe also delayed filing his complaint until after he brought

7

challenges to the method of lethal injection in two petitions for writs of habeas corpus.

The only excuse Crowe offers for his delay is an argument that he could not have brought his complaint in this circuit until after the Supreme Court held in Hill that a challenge to a method of execution is cognizable under the Civil Rights Act of 1871, 547 U.S. at 576, 126 S. Ct. at 2100, but that argument fails for two reasons.  First, we have expressly rejected it.  Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir. 2007) ("[N]othing precluded [the plaintiff] from filing a § 1983 action before the Supreme Court's decision in Hill.").  Second, Crowe's argument fails to explain why he waited more than 14 months after Hill was decided to file his complaint.  Crowe could have filed his complaint years ago but waited until his execution was imminent.

Crowe cannot succeed on the merits of his untimely complaint, and the balance of equities does not support a stay.  Crowe's  motion for a stay of execution is

**DENIED.**