[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12550

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01474-CV-BBM-1

JACK E. ALDERMAN,

Plaintiff-Appellant,

versus

JAMES E. DONALD,
in his capacity as Commissioner of the
Georgia Department of Corrections,
HILTON HALL, in his capacity as Warden,
Georgia Diagnostic and Classification Prison,
1-50 DOES,
UNKNOWN EXECUTIONERS,
in their capacities as employees and/or agents
of the Georgia Department of Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 3, 2008)

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Jack E. Alderman, a Georgia death row inmate, appeals the dismissal of his claim, brought under 42 U.S.C. § 1983, challenging Georgia's three-drug lethal injection method.[1] The district court dismissed Alderman's complaint because it held that the claim was time-barred and the lethal injection protocol was substantially similar to the one upheld by the Supreme Court in Baze v. Rees, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion). We do not address Alderman's substantive arguments because we affirm the district court's dismissal of his claim under the applicable statute of limitations.

Actions brought under § 1983 are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought. McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). Alderman brought his claim in Georgia, with a governing limitations period of two years. O.C.G.A. § 9-3-33 (1964); Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008). "[A] method

---

[1] In 1975, Alderman was sentenced to death by electrocution for the first-degree murder of his wife. His conviction became final on direct review in 1985. Alderman v. Georgia, 474 U.S. 911, 106 S.Ct. 282, 88 L.Ed.2d 245 (1985). Details of Alderman's crime and the winding procedural history spanning the 33 years since his conviction are contained in our opinion affirming the district court's denial of Alderman's petition for federal habeas relief. See Alderman v. Terry, 468 F.3d 775 (11th Cir. 2006), cert. denied, 128 S.Ct. 67, 169 L.Ed.2d 17 (2007).

2

of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." McNair, 515 F.3d at 1174. Alderman conceded in oral argument before this panel that, pursuant to McNair, his claim is time-barred because it accrued in October 2001 when the Georgia General Assembly adopted lethal injection as Georgia's method of execution of death sentences. O.C.G.A. § 17-10-38 (2000); Dawson v. State, 554 S.E.2d 137, 143–44 (Ga. 2001) (holding execution of death sentences by electrocution violates the Georgia constitution); see also Crowe, 528 F.3d at 1292 (denying motion to stay execution because plaintiff did not timely file challenge to Georgia's lethal injection protocol).[2]

Thus, the judgment of the district court is AFFIRMED.

---

[2]Alderman also conceded that the district court did not err by denying Alderman's request to equitably toll the statute of limitations. We agree with the district court that Alderman did not provide sufficient reason for equitable tolling based on his argument that he could not have brought his complaint until after the Supreme Court issued its decision in Hill v. McDonough, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). Crowe, 528 F.3d at 1293-94; Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir. 2007); Jones v. Allen, 485 F.3d 635, 640 (11th Cir. 2007). Nothing precluded Alderman from filing a § 1983 action prior to the decision in Hill and, even if Alderman had been required to wait until the Hill decision, he delayed filing until ten months after Hill was issued. Id. Alderman's argument that it is inequitable to apply McNair retroactively is equally unavailing because "judicial decisions presumptively apply retroactively to all pending cases." Foster v. Bd. of School Comm'rs, 872 F.2d 1563, 1566 (11th Cir.1989).

3