[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11720
_____

D.C. Docket No. 2:14-cv-00269-WKW-TFM


JUDITH A. NEELLEY,

Plaintiff - Appellant,

versus

CLIFFORD WALKER,
in his official capacity as Chairman of the Alabama Board of Pardons and
Paroles,
WILLIAM W. WYNNE, JR.,
in his official capacity as a member of the Alabama Board of Pardons and
Paroles,
ROBERT P. LONGSHORE,
in his official capacity as a member of the Alabama Board of Pardons and
Paroles,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 25, 2017)

Before WILSON and JULIE CARNES, Circuit Judges and HALL,[*] District Judge.

PER CURIAM:

The Alabama Parole Board denied Judith Neelley's parole eligibility in 2014 based on a law passed in 2003. The question in this case is: did Neelley's cause of action related to her parole denial accrue in 2003 or 2014. In this specific circumstance, we hold that Neelley's cause of action accrued in 2014.

I.

In 1983, a jury convicted Judith Neelley of murder and recommended life imprisonment without parole. Instead, the trial judge sentenced Neelley to death. In 1999, Alabama Governor Forrest James commuted her sentence to life imprisonment. As a result, pursuant to then existing Alabama law (specifically, § 15-22-27(b) of the Alabama Code), Neelley was eligible for parole consideration as soon as she served fifteen years of her life sentence.

In 2001, Neelley sought a declaratory judgment that she was eligible for parole because she had already served fifteen years. An Alabama state court held that Neelley would be eligible for parole on January 15, 2014, fifteen years after Governor James commuted her death sentence.

On June 18, 2003, the Alabama legislature amended § 15-22-27(b) by passing Act 2003-300 (the Act). The Act stated that "[a]ny person whose sentence

---

[*] Honorable James Randall Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

to death has been commuted by the Governor shall not be eligible for parole" and "the operation of this act shall be retroactive to September 1, 1998." On November 23, 2010, in response to an inquiry from Neelley, the Parole Board informed her that "she [would] be eligible for parole consideration in January of 2014." On December 20, 2012, the Parole Board informed Neelley that her case "was submitted to the Review Committee on July 19, 2012 for earlier parole consideration [and t]he Review Committee voted not to change her January 2014" parole consideration date.

In January of 2014, Neelley asked the Parole Board for a hearing. The Parole Board initially believed the Act "would not apply to Ms. Neelley's case" but requested an opinion from the Attorney General on whether Neelley was eligible for parole. The Parole Board believed the Act did not apply to Neelley because the retroactivity clause reached back to 1998 and the crime was committed in 1982. The Attorney General disagreed with the Parole Board's initial interpretation of the Act and issued an opinion concluding Neelley was not eligible for parole based on the retroactive application of the Act. The Parole Board sent Neelley a notice that she was barred from parole.

Neelley challenged the Act as an unconstitutional ex post facto law and bill of attainder, naming members of the Parole Board as defendants. The district court dismissed Neelley's claims via summary judgment because Neelley failed to file

3

the action within the two-year statute of limitations.  The court ruled that Neelley's injury occurred when the Act was passed in 2003, rather than when Neelley felt the effects of the Act in 2014.  As such, the court dismissed Neelley's claims based on the statute of limitations.

After reviewing the briefs and hearing oral argument, we reverse.

## II.

The main issue is when Neelley's cause of action began to accrue.  Neelley's claims arise under 42 U.S.C. § 1983.  "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (internal quotation marks omitted).  Neelley brought this action in Alabama, which has a limitations period of two years.  *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam).  Even though the statute of limitations is determined by state law, "[t]he accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007).  In order to determine when a claim accrued, a court must first identify the injury alleged, and then determine when the plaintiff could have sued.  *See Rozar*, 85 F.3d at 561–62.

The district court held that the injury here was the passage of the Act and that Neelley should have filed her claims within two years of the enactment of the

Act in 2003. The court relied on *Chardon v. Fernandez*, 454 U.S. 6, 102 S. Ct. 28 (1981) (per curiam), for the proposition that "when ascertaining the relevant injury, courts must focus on the moment of the adoption of the unconstitutional act itself rather than the moment at which the claimant experiences its effects." *Neelley v. Walker*, 173 F. Supp. 3d 1257, 1265 (M.D. Ala. 2016). *Chardon* involved whether a claim accrued when an employee was formally notified that his employment would terminate at a future date or at the future date when he was actually terminated. The Supreme Court held it was the former because that was when "a final decision had been made." *Chardon*, 454 U.S at 8, 102 S. Ct. at 29. The Supreme Court stated that the "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." *Id*.

The district court's characterization of the passage of the Act as the relevant action ignores the fact that, by twice informing Neelley that she remained eligible for parole on the previously-set date, the Parole Board indicated its decision that the Act did not apply to Neelley. As the Alabama Supreme Court has stated, "[t]he parole board is charged with the responsibility of determining who is eligible for parole." *Ex parte Ellard*, 474 So. 2d 758, 763 (Ala. 1985). The Parole Board initially thought the Act did not apply to Neelley because the retroactivity clause went back to 1998 and she committed her crime in 1982. The Parole Board generally looks to the date of the commission of an offense in determining the

5

applicability of laws bearing on parole eligibility.  It was not until after seeking and receiving the opinion of the Attorney General in 2014 that the Parole Board reversed course and notified Neelley that it had changed its position and had decided that Neelley was ineligible for parole at any time.  In *Chardon*, the statute of limitations began when a "final decision had been made."  *Chardon*, 454 U.S at 8, 102 S. Ct. at 29.  Here, there was no final decision in 2003; the relevant action occurred in 2014 when the State, by way of the Parole Board, decided to apply retroactively the Act to Neelley.  *See Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 71–72, 81 S. Ct. 1357, 1397–98 (1961) ("No rule of practice of this Court is better settled than never to anticipate a question of constitutional law in advance of the necessity of deciding it." (internal quotation marks omitted)).

**REVERSED AND REMANDED.**