[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13801

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

THERESE S. BARNES,
Clerk,
HAROLD D. MELTON,
Chief Justice,
DAVID E. NAHMIAS,
Presiding Justice,
KEITH R. BLACKWELL,
Justice,
MICHAEL P. BOGGS, et al.,

2                        Opinion of the Court                        21-13801

Justice,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04131-MLB

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's dismissal of his 42 U.S.C. section 1983 complaint for misjoinder and improper venue. Daker also challenges the district court's refusal to recuse the judges in the Northern District of Georgia and its refusal to consider his amended complaint. Because the district court did not err by recusing only one judge in the Northern District of Georgia, by disregarding Daker's deficient amended complaint, or by dismissing his complaint for misjoinder and improper venue, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In May 2020, Daker brought eight claims against forty-seven defendants for violating 42 U.S.C. section 1983, and for other alleged constitutional and statutory violations. The forty-seven defendants were made up of current and former Georgia state judges

and court clerks, including Judge Ray, who was assigned to preside over Daker's case. After reviewing Daker's complaint, the magistrate judge found it did not allege any claim for relief against the forty-seven defendants arising from the same transaction, occurrence, or series of transactions or occurrences, and thus violated the joinder rule in Federal Rule of Civil Procedure 20. The magistrate judge explained that multiple claims against different defendants involving different sets of facts must be brought in separate complaints, and she ordered Daker to recast his complaint in compliance with rule 20. The magistrate judge warned that if he failed to do so, she would construe his complaint as against only defendant Sherry Bland, the first defendant in count one, and to consist of only counts one and three through six, to the extent they raised claims against Bland.

Instead of correcting the misjoinder, Daker filed an objection to the magistrate judge's order, asserting that joinder of the forty-seven defendants was proper. He alternatively asked the district court to resolve the misjoinder by severing his claims into separate actions, rather than dismissing and requiring him to refile separate claims, "so as to preserve his claims as timely under the statute of limitations." Daker also requested, if the district court determined any of his claims were improperly joined, that it construe his action as against the defendants employed by the Georgia Supreme Court. On the same day, Daker filed an amended complaint that included the same misjoined claims and added seven new counts. Daker alleged that joinder was proper because the defendants' actions were part of the same series of transactions. Daker

moved to recuse Judge Ray, and the remaining judges on the Northern District of Georgia, because they worked with Judge Ray.

The magistrate judge made two recommendations on December 17, 2020. In the first, the magistrate judge recommended that the district court grant Daker's motion to recuse Judge Ray, but deny the motion to recuse the other judges on the court (including herself). In the second recommendation, the magistrate judge found that Daker's amended complaint "d[id] not seriously attempt to comply with" the earlier order to amend. She thus ordered that Daker's amended complaint be disregarded, construed his original complaint as only against Bland, and recommended dismissing the complaint against Bland under 28 U.S.C. section 1915A and dismissing the remaining claims without prejudice. The magistrate judge explained that venue in the Northern District of Georgia was improper as to Bland, who was employed in the Southern District of Georgia, and that transfer of Daker's claims against Bland would be futile because they were barred by the two-year statute of limitations.

Judge Ray adopted the part of the first recommendation to recuse him. The case was then reassigned to Judge Brown. On January 19, 2021, Daker objected to the magistrate judge's recommendations, arguing that the other judges on the Northern District of Georgia should be recused, and that the decision to disregard his amended complaint denied him his right to amend his pleadings as a matter of course under rule 15(a)(1). Daker also renewed his

recusal motion, arguing that the magistrate judge "[wa]s ruling in such a way as to specifically shield . . . Judge Ray from suit."

In August 2021, the district court adopted the magistrate judge's recommendations, overruled Daker's objections, and dismissed his claims without prejudice, some for misjoinder and the rest for improper venue. The district court agreed that because the amended complaint included the same defendants and claims as his original complaint, and then added seven unrelated claims, Daker failed to comply with the order to amend. The district court explained it was well within its discretion to dismiss Daker's misjoined claims, even if doing so rendered some of them untimely, because counts one, three, five, and six were not based on the same operative facts and thus did not arise from the same series of transactions or occurrences. The district court noted that many of the defendants had judicial immunity, so that it would be futile to sever Daker's claims. The district court also denied Daker's renewed motion for recusal.

Daker appeals the district court's recusal and dismissal orders.

## DISCUSSION

On appeal, Daker argues the district court erred by: (1) failing to recuse the judges on the Northern District of Georgia; (2) disregarding his amended complaint; (3) ruling that his complaint suffered from misjoinder and construing it as only against Bland; and

(4) dismissing his complaint because the judges were judicially immune. We address each argument in turn.

## Recusal

Daker argues that the district court abused its discretion by denying his motion to recuse the judges on the Northern District of Georgia because they must regularly confer with Judge Ray and this creates an appearance of bias and impropriety. He contends that the district court should have recused the magistrate judge and Judge Brown, who he says were biased in Judge Ray's favor.

"We review a district court's denial of a recusal motion for abuse of discretion." *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994) (citation omitted). A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under section 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The judge's bias must be personal, rather than judicial in nature. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (holding that recusal was not required of a judge who "sat by designation on the Eleventh Circuit Court of Appeals in the past, ha[d] a long-term working relationship with a large majority of the defendants, and oversaw a grand jury investigation of one of the plaintiffs"). "[A] judge's rulings in the same or a related case may not serve as the basis for a recusal motion," except "when the movant demonstrates

'pervasive bias and prejudice.'" *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "[T]he rule of necessity allows at least those judges . . . who have not been involved in plaintiffs' prior appeals to hear th[e] appeal." *Bolin*, 225 F.3d at 1239.

Daker has not shown that the district court abused its discretion in denying his motions to recuse the judges on the Northern District of Georgia, including Judge Brown. Even though the judges may have had a long-term working judicial relationship with one of the defendants, Judge Ray, this alone is insufficient to cause an objective, disinterested, lay observer to entertain a significant doubt about the judges' impartiality. *See Bolin*, 225 F.3d at 1239.

Daker has also not shown that the magistrate judge abused her discretion by failing to recuse herself. Daker's primary contention in support of recusal of the magistrate judge is that she has since recused herself in other cases brought by him. However, apart from that fact, Daker fails to cite any additional evidence showing that the magistrate judge exhibited pervasive bias or prejudice. *See McWhorter*, 906 F.2d at 678; *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). And nothing about the magistrate judge's decision to prophylactically recuse in other cases would cause an objective, disinterested lay observer

8                    Opinion of the Court                    21-13801

to question her impartiality in this case. *See Parker,* 855 F.2d at 1524.[1]

### Daker's Amended Complaint

Daker next argues that the district court erred by disregarding his amended complaint because it lacked the discretion to do so, and because misjoinder was an improper basis on which to reject the amended complaint.

We review de novo the district court's interpretation of the Federal Rules of Civil Procedure. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188–89 (11th Cir. 2013). A plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1). "Where a plaintiff fails to make meaningful modifications to [his insufficient] complaint, a district court may dismiss the case under the authority of either [r]ule 41(b) or the court's inherent power to manage its docket." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015).

The district court here did not violate Daker's right to amend his complaint, nor did it abuse its discretion by disregarding his amended complaint. The district court not only allowed Daker to amend his complaint pursuant to rule 15, but ordered him to do so, and identified the specific deficiencies he should fix. But Daker disregarded the district court's warning and submitted an amended

---

[1] Daker also moves to recuse Judges Branch and Grant. But because neither of them is on the panel we deny the motion as moot.

complaint with the same deficiencies as his original complaint. He attempted to circumvent the statute of limitations by joining time-barred claims that he otherwise could not bring, and then refused to fix the misjoinder, retaining the original misjoined claims without showing how they arose from the same transaction, occurrence, or series of transactions or occurrences under rule 20(a)(2)(A). The district court thus did not err by disregarding the amended complaint.

### The District Court's Misjoinder Ruling and Dismissal of Claims

Daker next argues that the district court erroneously: (1) found that he misjoined defendants and claims; (2) dismissed the misjoined claims; and (3) dismissed his complaint after construing it as against Bland. We address each argument below.

*Misjoinder.* We review de novo the interpretation of the Federal Rules of Civil Procedure, including rule 20—the misjoinder rule. *Hinchee*, 741 F.3d at 1188–89. "[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted). Rule 20 allows joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). To determine if claims arise out of the same transaction, occurrence, or series of transactions or occurrences, we use the logical relationship test, which asks whether "the same operative facts serve as the

basis of [the] claims." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citation omitted); *see also* 7 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1653 (3d ed.). "[C]laims that do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 n.1 (11th Cir. 1991).

Daker contends that the claims he raised against the forty-seven defendants arose from the same series of transactions or occurrences. But his claims spanned multiple cases at the trial and appellate levels, involved several different Georgia statutes and court rules, and were based on different sets of facts, some dating back to 2011. Daker argues that his claims were related because

> [t]he *question* of whether the trial court erred in denying [Daker's] filing . . . is a *sub-question* of whether the Court of Appeals . . . rubberstamp-denied his applications to appeal those denials . . . . And both [of those questions] become sub-questions to the question of whether the Supreme Court['s] [] refusal to even file his petitions for certiorari from those denials . . . denied him court-access[.]

Daker is wrong because he failed to show how his claims satisfy the logical relationship test. His claims do not arise from the same operative facts; he has only argued that his claims are related, but he has not shown a shared factual foundation. Daker's cases before the state trial courts, the Court of Appeals, and the Georgia Supreme Court were separate transactions and occurrences and based on different facts and procedural history.

*Dismissal of Misjoined Claims.* "We review the district court's decision to dismiss a case for failure to comply with the rules of the court for an abuse of discretion," *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted), and "review a district court's decision on a motion to sever for abuse of discretion," *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269 (11th Cir. 2013).

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Before dismissing a complaint with prejudice, a district court must give a pro se plaintiff "at least one chance to amend the complaint" if "a more carefully drafted complaint might state a claim." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc). Dismissal of claims without prejudice can have "the effect of precluding [an] appellant from refiling his claim due to the running of the statute of limitations," making it "tantamount to a dismissal with prejudice." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981). "The severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (citation omitted). However, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Daker argues the district court erred by requiring him to file separate claims instead of severing his claims into separate actions. He contends it was error for the district court to dismiss the misjoined claims. Most of Daker's misjoined claims accrued over two years before he filed this action, and are barred by "the [two-year] statute of limitations governing personal injury actions" in Georgia. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); Ga. Code § 9-3-33.

The district court did not abuse its discretion by dismissing Daker's misjoined claims, even though it was tantamount to dismissal with prejudice due to the expired statute of limitations. *See McNair*, 515 F.3d at 1173. The district court did not immediately dismiss Daker's misjoined claims but instead gave him "at least one chance to amend the complaint." *Bank*, 928 F.2d at 1112. When he refused to do so, the district court acted within its discretion to dismiss his claims because Daker "disregard[ed its] order" after being "forewarned." *Moon*, 863 F.2d at 837. Daker failed to comply with the magistrate judge's order when he did not amend his complaint to demonstrate how his claims arose out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* Therefore, the district court did not abuse its discretion in dismissing Daker's misjoined claims.

*Defendant Bland.* The district court did not err by construing Daker's complaint as against Bland, and then dismissing the claims against her based on improper venue. The district court had "unquestionable authority to control [its] own docket" and this

authority "include[d] broad discretion in deciding how to best manage the case[] before [it]." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (cleaned up). While we afford pro se pleadings leniency, that "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

The magistrate judge warned Daker that if he failed to fix his complaint's deficiencies, she would construe his complaint as against Bland only because she "[wa]s the first defendant identified in count one." The district court gave Daker sufficient notice of the consequences of his failure to fix the misjoinder, and was not required to serve as Daker's de facto counsel by fixing his complaint for him. *See Campbell*, 760 F.3d at 1168–69.

Daker counters that he is the master of his complaint and that he "[t]hrice[] explicitly stated" his desire for the district court to construe his action as against the defendants from the Georgia Supreme Court if it determined his claims were improperly joined. But Daker stated this preference only *after* the district court ordered him to fix the misjoinder and warned him of the consequences of failing to do so. We agree with the district court that, "[w]hile Daker is . . . the master of [his] complaint, that master must nonetheless comply with the Federal Rules." *See Albra*, 490 F.3d at 829. The district court did not abuse its discretion by "deciding how to best manage" Daker's case when he failed to file a properly amended complaint. *See Smith*, 750 F.3d at 1262.

Finally, the district court did not err by dismissing the remaining claims against Bland.  A district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and must dismiss the prisoner's complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1).  We review dismissal under section 1915A(b)(1) de novo if dismissal is for failure to state a claim, *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), and for an abuse of discretion if dismissal is for frivolity, *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021).  As is relevant here, a district court may only grant relief against a defendant for whom venue is proper.  28 U.S.C. § 1391(b).  Venue is proper if an action is brought in the judicial district where the defendant resides or in which the claims arose.  *Id.*  When venue is improper, the district court may, in the interests of justice, transfer the case to a district in which it could have been brought.  *Id.* § 1406(a).  Additionally, a section 1983 action must be brought within the applicable statute of limitations, which, for claims arising in Georgia, is two years.  *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008).

The district court did not err in ruling that Daker's complaint against Bland should be dismissed.  Daker's claims against Bland are for actions she allegedly took or failed to take in 2016 and 2017 while employed with Tattnall County Superior Court.  Tattnall County is in the Southern District of Georgia, but Daker brought this action in the Northern District of Georgia, where venue was improper.  Additionally, the interests of justice did not

warrant transfer to the Southern District of Georgia because the claims against Bland were time-barred by the statute of limitations. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) ("[A] transfer . . . would not benefit [the petitioner] because his application . . . was indisputably time-barred."). And Daker does not challenge the district court's determinations that venue was improper or that his claims against Bland were untimely.

### *Judicial Immunity*

Finally, Daker argues that "[t]he district court erred in holding that [the] [d]efendants were entitled to judicial immunity in order to justify denying recusal." He also argues that, even if his claims were misjoined, "the district court abused its discretion by declining to split [his] action into several actions based on its erroneous immunity holdings."

When appropriate, we review de novo whether an official is entitled to judicial immunity, *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001), but we will not review statements made in dicta, *United States v. $242,484.00*, 389 F.3d 1149, 1153 (11th Cir. 2004) (en banc) ("A bedrock principle upon which our appellate review has relied is that the appeal is not from the opinion of the district court but from its judgment." (quotation omitted)). Dicta comprises those parts of an opinion that are "not necessary to deciding the case" before the court. *United States v. Eggersdorf*, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997); *see also Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006).

The district court's statements about judicial immunity here were dicta because the court did not dismiss Daker's claims against the judiciary defendants based on immunity. The district court mentioned judicial immunity only as an observation, and not because it was necessary to dismiss Daker's complaint. Thus, it was dicta, which we do not review.

**AFFIRMED.**[2]

---

[2] Daker's pending motions are denied.